IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, as Personal Representative
Of the wrongful death estate of Robert Lewis,

    Plaintiff,

    v.                                                                         Case No. 1:22-cv-00834-KWR-JHR

CANTEX HEALTH CARE CENTERS II, LLC,
and FARMINGTON HEALTH CARE CENTER LTD CO.
*d/b/a* CEDAR RIDGE INN,

    Defendants,

## ORDER CONSOLIDATING MOTIONS TO REMAND

**THIS MATTER** comes before the Court *sua sponte*. Plaintiff and Mr. Murphy serve as the personal representatives for eight different wrongful death estates in cases against the Defendants in the United States District Court for the District of New Mexico: (1) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00822 KWR/JHR; (2) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00824 KWR/JHR; (3) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00825 KWR/JHR; (4) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00826 KWR/JHR; (5) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00827 KWR/JHR; (6) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00831 KWR/JHR; (7) *Murphy v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00832 KWR/JHR; (8) *Lopez v. Cantex Health Care Centers II, LLC*, *et al*., 22-cv-00834 KWR/JHR. Each case is before the undersigned.

In each case, the plaintiff filed a motion to remand, and Defendants filed a motion for extension of time to file a late response. The motions to remand and responses appear to be

identical or substantially similar. Having considered the pleadings and the motions to remand in each case, the applicable law, and otherwise being fully advised, the Court concludes that the issue of remand should be consolidated and decided in a single opinion.

The Court will consolidate the motions to remand, and will issue a consolidated ruling after the motions to remand and motions for extension of time to respond are fully briefed. The Court does not rule yet on whether the cases themselves should be consolidated.

"If actions before the court involve a common question of law or fact, the court may" consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays. Fed. R. Civ. P. 42(a). A district court, in its sound discretion, may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Once the district court determines there is a common question of law or fact, the court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *See id*. ("In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."); *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (affirming denial of motion to consolidate because movants failed to establish that consolidation would promote trial convenience and economy in administration or that they suffered injury as a result of court's refusal to consolidate); *Servants of the Paraclete, Inc. v. Great American Ins. Co*., 866 F. Supp. 1560, 1572 (D.N.M. 1994) ("If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.").

Consolidation of the motions to remand in all these cases is appropriate because all eight cases involve common questions of law and fact and the motions to remand all involve the same

issues regarding whether the Court has jurisdiction. The relevant facts as to jurisdiction appear to be the same. These cases were recently filed, so there would be no delay caused by consolidation of this issue. The Court does not see any prejudice. The interests of judicial economy in consolidating the ruling on the motions to remand greatly outweigh any delay, confusion, or prejudice that may occur. Therefore, the Court will address the motions to remand and motions for extension of time together in one memorandum opinion and order.

At this time, only the motions to remand and motions for extension of time will be consolidated. This order will be filed in each case, but the cases themselves will not be consolidated. The parties should continue to file their briefings in the appropriate case, and the Court will file the consolidated opinion in each case.

**IT IS THEREFORE ORDERED** that the motions to remand and motions for extension of time in the following cases are hereby **consolidated**: (1) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00822 KWR/JHR; (2) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00824 KWR/JHR; (3) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00825 KWR/JHR; (4) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00826 KWR/JHR; (5) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00827 KWR/JHR; (6) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00831 KWR/JHR; (7) *Murphy v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00832 KWR/JHR; (8) *Lopez v. Cantex Health Care Centers II, LLC, et al.*, 22-cv-00834 KWR/JHR.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**